UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        *Plaintiff*,

        *vs.*　　　　　　　　　　　　　　　　　Case No. 25-cr-127

TIMOTHY BEA

        *Defendant*.

## TIMOTHY BEA'S RESPONSE TO GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER

On July 25, 2025, the government filed a motion to seal and a motion for a protective order and an *ex parte* brief in support of that motion. Dkt. 110, 111. The motion noted that some defendants agreed with the motion and that Mr. Bea opposed the motion. At the time of the government's filing, other counsel had not yet weighed in. The Court thereafter ordered any defendant opposing the motion to submit its opposition by July 30, 2025. Dkt. 113.

By way of background, in advance of filing the motion, the government reached out to the defense attorneys on the case about the contours of a protective order. The government initially sought to include all discovery materials under a protective order that would have precluded defense counsel from providing any discovery materials to their clients. Most of the lawyers objected to this approach. In response, the government agreed to have discovery materials either designated as sensitive or non-sensitive. Non-sensitive materials could be relinquished to clients for their review, but sensitive

materials would be required to remain in the attorney's possession. To review the sensitive materials, the client needs to review them with the attorneys.

As a general matter, Bea doesn't oppose this sort of approach in principle. As he has repeatedly told the government, the defense does not oppose a restriction on materials that depict or identify informants. But here, the government is seeking to designate a significant amount of discovery as "sensitive" without any legal or factual justification. Bea, and the defendants who join in this opposition, oppose this overbroad and unparticularized protective order.

Rule 16 provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). To obtain a restriction on the dissemination of discovery, the government must make a particularized and specific showing that warrants such a restriction. Here, the government has filed a motion that provides no explanation or justification for the protective order. It explains that the basis of the request is "more fully described" in the prosecutor's ex parte statement.[1] However, it anticipates that the submission likely discusses (1) generalized risks that cooperating witnesses or informants face when publicly outed as an informer in discovery, and (2) broad statements about the investigation being ongoing.

---

[1] The government's use of ex parte statements in support of protective orders should not be the norm in every case. Both the enactment notes to Rule 16 and the Seventh Circuit have made clear that "ex parte proceedings are disfavored." Fed. R. Crim. P. 16, 1975 enactment notes; *United States v. Napue,* 834 F.2d 1311, 1318 (7th Cir. 1987) ("Although we apply an abuse of discretion standard to a district court's use of *ex parte* proceedings in making determinations about nonmandatory discovery, the district court in exercising its discretion must bear in mind that *ex parte* communications are disfavored. They should be avoided whenever possible and, even when they are appropriate, their scope should be kept to a minimum.").

These sorts of generalized claims are not sufficient to meet the good cause showing required under Rule 16. *See e.g., United States v. Wecht,* 484 F.3d 194, 211 (3d Cir. 2007) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing."); *United States v. Cross*, Case No. 20-CR-09, 2020 WL 2542818 (E.D. Wis. May 19, 2020) (Duffin, J.)(holding that protective order was overly broad and not supported by good cause); *United States v. Karst*, 19-CR-90, Dkt. 24 (E.D. Wis. Jan. 17, 2020) (M.J. Duffin); *United States v. Walker,* No. 2:18-CR-37-FL-1, 2019 WL 4412909 (E.D. NC 2019); *United States v. Stone*, No. 10-20123, 2012 WL 137746 (E.D. Mich. Jan. 18, 2012).

The government has proposed that sensitive materials will include but not be limited to: (1) "those containing evidence concerning cooperating witnesses;" (2) "personal identifying information;" (3) "wire and electronic communications and related materials;" and (4) "other sensitive information."

This presents two problems. First, it leaves too much discretion to the government to decide what is sensitive and what isn't. It doesn't identify what are "related materials" or what might fall in the "other sensitive information" category. It's become increasingly common for the government to obtain a protective order of this sort (differentiating sensitive and non-sensitive discovery), only to classify almost all of the discovery as sensitive, even where it doesn't fit any of the criteria making it so. Discovery with personal identifying information is almost always redacted, making it unnecessary to subject it to a protective order. Thus, the proposed order is overbroad. *See United States v. Smith*, 985 F. Supp. 2d 506, 524 (S.D.N.Y. 2013) (explaining that courts should ensure that

3

*Federal Defender Services*
*of Wisconsin, Inc.*
Case 2:25-cr-00127-LA-SCD     Filed 07/31/25     Page 3 of 5     Document 115

protections of discovery are "no broader than necessary to accomplish the … goals of the protective order").

Second, the government has not justified the inclusion of some of these materials in the "sensitive" bucket. Where the government seeks to subject such a vast amount of material in the protective order, the burden of justifying the confidentiality of each and every document covered remains on the government. *Wecht*, 484 F. 3d at 211. There is no reason why a line and call sheet from a wiretap needs to be designated sensitive in their entirety. In wiretap cases, the recordings are the gravamen of the discovery. They are typically extensive—often in the thousands of hours. It's laborious for a lawyer to listen to all the calls. To then require the lawyer to review them a second time with the client is not practicable. That reality must be measured against the government's showing. The government has relayed generalized concerns to the defense that the calls include information about yet uncharged co-conspirators and personal identifying information. It may be that some calls contain information about uncharged targets or co-conspirators. And to the extent that there are calls the release of which might compromise further investigation, the defense doesn't oppose designating those specific calls as sensitive and limiting their dissemination. With respect to calls that contain personal identifying information, there is no reason why a less restrictive protective order is inappropriate. It's not uncommon, especially in fraud and white-collar cases, for discovery to be restricted to attorneys and their clients, but to preclude both the lawyer and the client from disseminating the discovery. This more tailored approach to the discovery would be appropriate here.

4

*Federal Defender Services of Wisconsin, Inc.*

Case 2:25-cr-00127-LA-SCD    Filed 07/31/25    Page 4 of 5    Document 115

The proposed order includes one final problem for detained clients and their attorneys. The proposed order states that sensitive materials—which, to repeat, seem to be the majority of the discovery—will not be provided to the institutions housing detained defendants for their review. Thus, detained defendants can only review the discovery when their lawyers come to visit them. That is an untenable situation for the detained defendants and their attorneys. Materials subject to protective orders are regularly provided to jails so that detained defendants can review them. *See e.g., United States v. Cook*, 23cr6, Dkt. 9 (E.D. Wis. Feb. 7, 2023); *United States v. Rutherford*, 24cr137, Dkt. 10 (E.D. Wis. Aug. 15, 2024). This order provides no explanation for why that regular practice is inappropriate here.

For the reasons stated herein, the defense opposes this protective order. It remains open to engage with the government and work on a protective order that is not as restrictive. Counsel for Antonio Green, Alonzo Treadwell, Freddie Robertson (detained), Alonzo Kimble, and Claudell Sims join in this opposition.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2025.

Respectfully submitted,

*/s/ Joshua D. Uller*
Joshua D. Uller, WI Bar #1055173
Federal Defender Services
  of Wisconsin, Inc.
411 E. Wisconsin Avenue – Suite 2310
Milwaukee, WI  53202
Tel.  (414) 221-9900
Email: joshua_uller@fd.org

*Counsel for Defendant,* Timothy Bea

5